DOC # _____

JUDGE JONES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MELISSA WISNIEWSKI,

           Plaintiff,

    -against-                                 *COMPLAINT*

PORTFOLIO RECOVERY ASSOCIATES, LLC,

           Defendant.
------------------------------------------------------------X

    Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, Portfolio Recovery Associates, LLC, alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in West Seneca, New York.

3. Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its executive office and principal place of business in Norfolk, Virginia.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the defendant conducts substantial business in this district, and has sufficient ties to the jurisdiction and/or as the acts and transactions that give rise to this action occurred, in substantial part, in this jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the plaintiff from one MBNA.

7. That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8. That on or about October 1, 1007, the Defendant contacted the Plaintiff and secured, by means of duress and coercion, a settlement and payment plan with the Plaintiff, to repay a sum allegedly owed to the Defendant's client in the sum of $80.00 per month..

9. That subsequent thereto Defendant's agents and representatives stated that such a small payment was not "allowed" and compelled by means of threats and coercion, the Plaintiff to make a larger payment in the sum of approximately, $340.00 for the following month.

10. That on or about December 10, 2007, Plaintiff called the Defendant to request a modification in her payment schedule since the holidays were approaching and Defendant's agent became stern and vociferous and rudely demanded that plaintiff "could not avoid payment!"

11. That the Plaintiff explained that she was not trying to "avoid" the payment, but rather that she would like to request a different date of payment.

12. That Defendant's agent became extremely hostile and stated that he "understood how people get tight around the holidays, but there would be NO presents under her tree if she did not make a $200.00 payment NOW!!"

13. That Defendant's agent persisted with threats that he was going to *"meet"* the plaintiff outside her place of employment *"today at 5pm"* if she did not make a payment, and that the *"Sheriff would be there to garnish her wages!!"*

14. That upon information and belief, the Defendant's agent was yelling through the telephone so loudly that other members of the Plaintiff's office could hear the screams.

15. That Defendant's agent then finished the phone call by mocking the Plaintiff, laughing, and stating that if he did not receive a call back and a payment by 5pm, he would call the plaintiff's employer, show up at her place of employment, with a sheriff present, and cause her wages to be garnished and terminated the call.

16. That the Plaintiff was brought to tears of shame and humiliated and fear of imminent legal action and threats and refused to answer the phone but that the Defendant caused her telephone to ring repeatedly and continuously for the next 30 minutes.

17. That the Defendants actions caused additional and unnecessary stress for the plaintiff.

18. That the plaintiff suffers and has suffered from severe anxiety which was seriously aggravated by means of defendants's conduct.

19. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), and (f) in that communications the third parties and to the plaintiff by the defendant are false, deceptive, unfair, threatening and suggestive of criminal behavior and done in furtherance of abusing the plaintiff to coerce payment of a disputed debt, under duress and harassment.

20. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

Dated: New York, New York
February 21, 2008

Amir J. Goldstein, Esq. (AG-2888)
Attorney at Law
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(866) 288- 9194 fax

Plaintiff requests trial by jury on all issues so triable.

Amir J. Goldstein (AG-2888)