UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA WISNIEWSKI<br><br>　　　　Plaintiff,<br>　　　　　　v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>　　　　Defendant. | Case No. 08-CV-03463-BSJ-THK |

**ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, Portfolio Recovery Associates, LLC, by and through its attorneys, Maurice & Needleman, P.C., hereby answers Plaintiff's complaint as follows:

**INTRODUCTION**

1.　The allegations of Paragraph 1 contain conclusions of law to which no response is required and therefore they are denied. To the extent that the allegations are deemed factual as to Defendant they are denied.

**PARTIES**

2.　Defendant is without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied.

3.　Defendant admits that its principal place of business is in Norfolk Virginia. The remaining allegations of Paragraph 3 contain conclusions of law to which no response is required and therefore they are denied.

**JURISDICTION**

4.　Defendant admits that it conducts business in this district. The remaining

allegations of Paragraph 4 contain conclusions of law to which no response is required and therefore they are denied.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Defendant repeat the responses to the allegations contained in paragraphs 1 through 4 as if the same were set forth herein at length.

6. Defendant is without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied.

7. Defendant is without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied. Specifically, Plaintiff has not identified the "aforementioned debt" which was assigned to Defendant for collection.

8. Defendant denies the allegations of paragraph 8 and specifically denies that it contacted Plaintiff on October 1, 1007 or that it secured by means of duress and coercion, a settlement payment plan with Plaintiff.

9. Defendant denies the allegations of paragraph 9 and specifically denies that its agents or representatives stated that payments were not allowed or that it compelled Plaintiff to make payments by means of threats and coercion.

10. Defendant denies the allegations of paragraph 10 and specifically denies that Plaintiff called Defendant on December 10, 2007. Defendant further denies that its agent became stern and vociferous and rudely demanded that Plaintiff could not avoid payment.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12 and specifically denies that its

agent became extremely hostile or that its agent stated that "there would be NO presents under her tree if she did not make a $200.00 payment NOW!!"

13. Defendant denies the allegations of paragraph 13 and specifically denies that its agent persisted with threats that he was going to "meet" the plaintiff outside her place of employment and specifically denies that the agent stated that if she did not make a payment that the "Sheriff would be there to garnish her wages."

14. Defendant is without sufficient personal knowledge and information to form a belief as to the truth of the allegations concerning individuals at Plaintiff's office. Defendant denies that its agent was yelling through the telephone loudly.

15. Defendant denies the allegations of paragraph 15 and specifically denies that its agent mocked Plaintiff or laughed at Plaintiff. Defendant specifically denies that its agent stated that if Plaintiff did not call back and make a payment by 5pm that he would call the Plaintiff's employer, show up at her place of employment, with a sheriff present, and cause her wages to be garnished.

16. Defendant is without sufficient personal knowledge and information to form a belief as to the truth of the allegations concerning Plaintiff's actions. Defendant denies that it brought Plaintiff to tears of shame and humiliation and denies that it created a fear of imminent legal action or threats. Defendant denies that it caused Plaintiff's telephone to ring repeatedly and continuously for the next 30 minutes.

17. Defendant denies the allegations of paragraph 17.

18. Defendant is without sufficient personal knowledge and information to form a belief as to the truth of the allegations concerning whether Plaintiff suffers from anxiety. Defendant denies that it caused Plaintiff anxiety or engaged in conduct that aggravated

Plaintiff's alleged anxiety.

19. The allegations of Paragraph 19 contain conclusions of law to which no response is required and therefore they are denied. To the extent that the allegations are deemed factual as to Defendant they are denied. Defendant denies that it violated 15 U.S.C. 1692 et seq. Defendant denies that it engaged in communications with Plaintiff or a third party that were false, deceptive, unfair, threatening and suggestive of criminal behavior and done in furtherance of abusing the Plaintiff to coerce payment of a disputed debt, under duress and harassment.

20. The allegations of Paragraph 20 contain conclusions of law to which no response is required and therefore they are denied. To the extent that the allegations are deemed factual as to Defendant they are denied. Defendant denies that it violated 15 U.S.C. 1692 et seq.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

If a violation of the Fair Debt Collection Practices Act is determined to have occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably calculated to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering statutory damages against Defendants in the absence of any showing Defendant violated the FDCPA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff suffered no actual damages as a result of Defendant's alleged conduct.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to allege that she suffered any actual damages as a result of Defendant's alleged conduct.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant did not violate 15 U.S.C. §1692d because Defendant did not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant did not violate 15 U.S.C. §1692e because Defendant did not use any false, deceptive or misleading representations or means in connection with the collection of any debt.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant did not violate 15 U.S.C. §1692f because Defendant did not use unfair or unconscionable means to collect or attempt to collect any debt.

**/s/ Thomas R. Dominczyk**
THOMAS R. DOMINCZYK (TD7835)
Attorney for Defendant,
Portfolio Recovery Associates, LLC
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822
(908) 237-4550
(908) 237-4551
trd@mnlawpc.com

Dated: May 28, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct of the foregoing Answer and Affirmative Defenses were served on this date via the electronic filing system and regular mail, postage-prepaid, addressed to the following:

AMIR J. GOLDSTEIN, ESQ.
591 BROADWAY, #3A
NEW YORK, NY 11012

                                      /s/ *THOMAS R. DOMINCZYK*
                                      _____
                                      THOMAS R. DOMINCZYK (TD7835)

Dated: May 28, 2008